# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROBERT HIRSCH and CINDY HIRSCH,

        Plaintiffs,

v.

STEPHEN W. HARGETT, CHRISTOPHER P. HARGETT, JOHN E. HARGETT, AND 678 KIRK LLC.,

        Defendants.

Case No. 2:18-cv-08371-ODW (AGRx)

**ORDER DISMISSING PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [9] AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [32]**

The Court has received Plaintiffs Robert and Cindy Hirsch's Second Amended Complaint ("SAC"), transferred to this Court from the United States District Court, District of Arizona, on October 1, 2018. (SAC, ECF No. 9.) Plaintiffs assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1343(3) and (4). (*Id.* ¶ 17.) Plaintiffs allege their claims arise under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1983, and various state laws. Construing Plaintiffs' SAC liberally, as the Court must do for pro se litigants, the Court finds that it lacks subject matter jurisdiction over the case as pleaded. Therefore, the Court **DISMISSES** the Complaint with leave to amend.

Accordingly, Defendants' Motion to Dismiss is **DENIED as MOOT**. (Mot. to Dismiss SAC, ECF No. 32.)

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 8 sets forth general rules of pleading before federal courts. Complaints are required to present (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Fed. R. Civ. P. 8.

Federal courts have an obligation to determine the existence of subject matter jurisdiction, regardless of whether the parties raise the issue. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Federal Rule of Civil Procedure 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction exists where an action arises under federal law ("Federal Question Jurisdiction") or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000 ("Diversity Jurisdiction"). 28 U.S.C. §§ 1331, 1332(a). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936). To sustain federal jurisdiction, a complaint must allege a claim under the Constitution or relevant federal statute and must not be made solely to obtain federal jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

## II. DISCUSSION

### A. Federal Question Jurisdiction

Plaintiffs fail to sufficiently allege Federal Question Jurisdiction. The presence or absence of Federal Question Jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). It is not sufficient for a plaintiff to merely identify the federal law under which the claim is asserted; the plaintiff must set forth the federal claim in sufficient detail that a right to recover under federal law is apparent. *See Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1992) (finding conclusory allegations of denial of due process insufficient for subject matter jurisdiction); *see also Renewed v. BAC Home Loans Servicing, LP*, No. C 11-1324 PJH, 2012 WL 423741, *3 (N.D. Cal. Feb. 8, 2012) (finding that a conclusory statement regarding Federal Question Jurisdiction "devoid of any supporting legal or factual explanation . . . wholly untethered to any other allegations . . . in plaintiffs' complaint" is insufficient to raise a federal question).

Plaintiffs allege violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. ("Count 1"), 42 U.S.C. § 1983 ("Count 2"), as well as various state law claims. (SAC ¶¶ 19–21, 22–24, 25–48 (including breach of contract, breach of fiduciary duty and trust fraud, and elder abuse).) Only Plaintiffs' ADA and section 1983 claims arise under federal law. As to those claims, Plaintiffs assert conclusory allegations that Plaintiff Robert Hirsh is disabled (SAC ¶ 2) and that, "[o]n or about November 15, 2017 and thereafter, defendants violated [the ADA and section 1983] by illegally, unlawfully, and with malice evicting plaintiff from his residence" and refusing to provide extended time for him to collect his property from the residence. (SAC ¶¶ 20, 23.) The Court has no information regarding how Plaintiff Robert Hirsh is disabled such that he is considered "disabled" pursuant to the ADA or what actions Defendants took that violated the ADA. The same goes for Plaintiffs' section 1983

claim. The Court has no information regarding how Defendants were acting under color of state law when the alleged violation of Plaintiffs' rights occurred. *See* 42 U.S.C. § 1983; *see also Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). These conclusory allegations merely identify the federal law under which the claim is asserted without providing allegations supporting a colorable right to recover. Consequently, Plaintiffs' SAC is insufficient to sustain federal question jurisdiction under either the ADA or section 1983. It appears that these federal statutes were only invoked solely to obtain federal jurisdiction.

Moreover, the basis of Plaintiffs' lawsuit was Defendants' alleged wrongful eviction of Plaintiffs from their home and the subsequent damages. (*See* SAC ¶¶ 14–15.) A claim for wrongful eviction does not present a federal question; nor does it turn on the construction of federal law, thus there does not appear to be a basis for Federal Question Jurisdiction. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Tyler*, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (holding that a single claim for unlawful detainer under state law did not provide a basis for federal question jurisdiction); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (same).

**B.    Diversity Jurisdiction**

Plaintiffs also fail to sufficiently allege diversity jurisdiction. For diversity purposes, an individual is a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). A limited liability company is a "citizen of every state of which its owners/members are citizens." *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Diversity Jurisdiction requires complete diversity of citizenship; where there is no

complete diversity, there is no federal diversity jurisdiction. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Plaintiffs here do not allege any party's citizenship or domicile. Instead, they include allegations as to each party's residence. Plaintiffs allege that they both reside in Phoenix, Arizona. (SAC ¶¶ 3–4.) Plaintiffs allege that the individual defendants, Stephen W. Hargett, Christopher P. Hargett, and John E. Hargett (collectively, "Individual Defendants") are residents of California. (*Id.* ¶¶ 5–7.) However, Plaintiffs also allege that Individual Defendants own a home in Flagstaff, Arizona, have registered motor vehicles in Arizona, and work or have worked in Arizona. (*Id.* ¶¶ 9–10.) Even were the Court to construe Plaintiffs' allegations of residence as citizenship or domicile, Plaintiffs' allegations prevent a determination that Individual Defendants are citizens of either California or Arizona. As Plaintiffs' SAC fails to allege Individual Defendants' domiciles, the Court cannot find that diversity of citizenship exists between Plaintiffs and Individual Defendants.

Further, Plaintiffs allege that Defendant 678 KIRK, LLC is organized under the laws of California and has its principal place of business in California. (*Id.* ¶ 8.) However, Plaintiffs fail to allege the identity or citizenship of 678 KIRK, LLC's owners or members, which determines citizenship of a limited liability company. Additionally, Plaintiffs assert that "the amount in controversy exceeds the amount of 75,000.00" (*id.* ¶ 17), but fail otherwise to provide any allegations of damages that could support that assertion. Thus, Plaintiffs' SAC does not allow the Court to determine that it can exercise diversity jurisdiction over this action.

### III.  CONCLUSION

For the reasons discussed above, the Court **DISMISSES** Plaintiffs' SAC (ECF No. 9) for lack of federal subject matter jurisdiction. **Plaintiffs may file an amended complaint to remedy this deficiency within 30 days of this Order. Failure to do so will result in dismissal of this action.** As a result, as Defendants' Motion to Dismiss (ECF No. 32) is based on a complaint that is no longer operative, the Motion

to Dismiss is **DENIED as moot**. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Finally, Plaintiffs are advised that a Federal Court Self-Service Clinic is located in the United States Courthouse in Phoenix at 401 W. Washington Street, 1st Floor, Suite 130, Phoenix, Arizona. More information about making an appointment is available on the Court's website at www.azd.uscourts.gov/ by following the links for "Information for those filing without an attorney" and "Federal Court Self-Service Center - Phoenix." A Federal Pro Se Clinic is also located in the United States Courthouse in Los Angeles at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. More information about the Los Angeles Pro Se Clinic is available at www.cacd.uscourts.gov/ by following the link for "Pro Se Clinic – Los Angeles." The Federal Court Self-Service Clinic and the Federal Pro Se Clinic offer free information and guidance to individuals who are representing themselves in federal civil actions. Plaintiffs are encouraged to visit the clinic or otherwise consult with an attorney prior to filing a third amended complaint.

**IT IS SO ORDERED.**

November 1, 2018

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**