# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT HIRSCH and CINDY HIRSCH,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>STEPHEN W. HARGETT, CHRISTOPHER P. HARGETT, JOHN E. HARGETT, AND 678 KIRK LLC.,<br><br>　　　　　　　Defendants. | Case No. 2:18-cv-08371-ODW (AGRx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [36]** |

## I.　INTRODUCTION

This action centers on the refusal of Defendants Stephen W. Hargett, Christopher P. Hargett, John E. Hargett (collectively, "Hargett Defendants"), and 678 Kirk, LLC ("678 Kirk") to allow Plaintiffs Robert Hirsch and Cindy Hirsch (collectively, "Plaintiffs") additional time to remove their possessions from their apartment following their eviction. (Third Am. Compl. ("TAC") ¶ 47, ECF No. 35.) Plaintiffs also assert that Hargett Defendants exerted undue influence over Jeannine Davis-Kimball, former owner of Plaintiffs' apartment complex and Hargett Defendants' mother, to take control of Ms. Davis-Kimball's trust assets and falsely and fraudulently evict Plaintiffs.  (TAC ¶¶ 22, 32, 35.)  Hargett Defendants and

Defendant 678 Kirk (collectively, "Defendants") move to dismiss Plaintiffs' TAC on several grounds including failure to state a claim and lack of subject matter jurisdiction. (Mot. to Dismiss ("Mot."), ECF No. 36.) For the reasons that follow, the Court **GRANTS** Defendants' Motion.[1]

## II. BACKGROUND

### A. FACTUAL BACKGROUND

Ms. Davis-Kimball, now deceased, was the sole owner and manager of 678 Kirk, which owned the apartment complex where Plaintiffs previously resided. (TAC ¶ 22.) Ms. Davis-Kimball, together with her spouse, Warren Matthew, were the settlor-trustees of the Matthew-Davis-Kimball Trust ("Trust"). (TAC ¶ 16.) Ms. Davis-Kimball amended the Trust in June 2016 to name Mr. Hirsch as successor-trustee in lieu of Stephen Hargett. (TAC ¶ 17.) The amendment provided for $300,000 to Mr. Hirsch as trustee and modified the terms of the Hirschs' rental agreement. (TAC ¶¶ 19, 83.) Plaintiffs allege that Hargett Defendants exerted undue influence over Ms. Davis-Kimball to obtain further amendments to the Trust so they could take control of the trust assets upon Ms. Davis-Kimball's death in April 2017. (TAC ¶¶ 22, 29, 32.)

In July 2017, 678 Kirk commenced an unlawful detainer action against Mr. and Ms. Hirsch in the Superior Court of the State of California, County of Ventura. (TAC ¶ 35.) After a trial on October 26, 2017, in which both parties were represented by counsel, the superior court issued judgment in favor of 678 Kirk and against Mr. and Ms. Hirsch on November 15, 2017.[2] (*See* TAC ¶¶ 39–40; Jones Decl. ¶¶ 2–4, Ex. B ("Eviction Judgment").) Defendants informed Plaintiffs they could remove their possessions from the apartment on November 20, 2017, between 10:00 a.m. and 4:00 p.m., and that any possessions remaining on the premises after that time would

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Plaintiffs did not appeal the Eviction Judgment, and the time for appeal has expired. (*See* Decl. of Greg W. Jones ("Jones Decl.") ¶ 5, ECF No. 36-1.)

be removed to storage the following day. (TAC ¶¶ 42, 44.) On November 20, 2017, at approximately 2:45 p.m., Mr. Hirsch informed Defendants that Plaintiffs required more time to remove their possessions due to his physical disability. (TAC ¶¶ 44, 46.) Defendants refused the request for more time. (TAC ¶ 47.)

Through their TAC, Plaintiffs assert seven causes of action. Plaintiffs allege that Defendants refused to reasonably accommodate Mr. Hirsch's request for additional time to remove their possessions from the apartment, in violation of (1) the Fair Housing Amendments Act ("FHAA"); (2) 42 U.S.C. § 1983; (3) California Disabled Persons Act ("CDPA"); and (4) California Unruh Civil Rights Act.[3] (TAC ¶¶ 50–75.) Plaintiffs also allege that Hargett Defendants exerted undue influence over Ms. Davis-Kimball to obtain the Trust amendments and evict Plaintiffs. (*See, e.g.*, TAC ¶¶ 29, 32, 35.) These allegations relate to Plaintiffs' claims for (5) Breach of Fiduciary Trust and Trust Fraud; (6) Breach of Contract; and (7) Elder Abuse. (TAC ¶¶ 76–118.) Plaintiffs allege federal question, diversity, and supplemental subject matter jurisdiction pursuant to 42 U.S.C. §§ 1331, 1332, and 1367. (TAC ¶¶ 11–13.)

**B.  PROCEDURAL BACKGROUND**

On February 26, 2018, Plaintiffs initiated this action in the United States District Court, District of Arizona, asserting causes of action under the American with Disabilities Act ("ADA"), 42 U.S.C. § 1983, Breach of Contract, Breach of Fiduciary Duty and Trust Fraud, and Elder Abuse. (*See generally* Compl., ECF No. 1.) After screening Plaintiffs' Complaint, the district court of Arizona found that Plaintiffs failed to state a claim and dismissed Plaintiffs' Complaint without prejudice and with leave to amend. (Order 1, 3, ECF No. 7.) Plaintiffs subsequently amended their complaint twice, asserting the same causes of action. (*See* Am. Compl., ECF No. 8; Second Am. Compl. ("SAC"), ECF No. 9.) Defendants moved to dismiss Plaintiffs'

---

[3] Plaintiffs do not oppose dismissal of the fourth cause of action for violation of the Unruh Civil Rights Act. (Opp'n to Mot. ("Opp'n") 2, ECF No. 44.) Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' fourth cause of action.

SAC or transfer the action to this Court. (Mot. to Dismiss or Transfer, ECF No. 14.) The district court of Arizona granted the transfer but did not reach the merits of Defendants' motion. (Order, ECF No. 20.) Following the transfer to this Court, Defendants again moved to dismiss Plaintiffs' SAC. (Mot. to Dismiss SAC, ECF No. 32.) However, the Court, *sua sponte*, found that Plaintiffs failed to sufficiently allege federal jurisdiction and dismissed the SAC with leave to amend. (Order Dismissing SAC 1–2, ECF No. 34.) Accordingly, the Court denied Defendants' motion as moot.

Defendants now move to dismiss Plaintiffs' subsequently-filed TAC on several grounds, including that Plaintiffs fail to state a claim and the Court lacks subject matter jurisdiction. (Mot. 2–3.) Plaintiffs oppose.[4] (*See generally* Opp'n.)

### III. LEGAL STANDARDS

#### C. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack disputes the validity of allegations that, if true, would invoke federal jurisdiction. *Id.* In resolving a factual attack, the court "need

---

[4] Ms. Hirsch did not oppose Defendants' Motion. Mr. Hirsch filed "Plaintiff's Opposition" and submitted his declaration in support thereof; he is the sole signatory to both documents. (*See* Opp'n 20; Decl. of Robert Hirsch ("Hirsch Decl.") 17, ECF No. 45.) The Court has received nothing to indicate that Ms. Hirsch joins Mr. Hirsch's Opposition. Although a non-attorney may "appear in propria persona in his own behalf, that privilege is personal to him." *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (citation omitted). Mr. Hirsch has no authority to prosecute a civil lawsuit on behalf of anyone other than himself. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Accordingly, the Court may grant Defendants' Motion as to Ms. Hirsch as unopposed. *See* C.D. Cal. L.R. 7-12. However, in light of Ms. Hirsch's *pro se* status, the Court construes Mr. Hirsch's Opposition as applying to Ms. Hirsch.

not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242. Once a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). To sustain federal jurisdiction, a complaint must allege a claim under the Constitution or relevant federal statute and must not be made solely to obtain federal jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

### D. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted

deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Accusations of fraud require a plaintiff to plead with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Rule 9(b) requires that the complaint identify the "who, what, when, where, and how" of the fraudulent activity, "as well as what is false or misleading about" it, and why it is false. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

Pro se pleadings are to be construed liberally, but a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### E. LEAVE TO AMEND

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

# IV. DISCUSSION

Defendants move to dismiss Plaintiffs' TAC on several grounds, including failure to state a claim and lack of subject matter jurisdiction. As the Court finds these grounds dispositive, it does not reach Defendants' remaining arguments.

## A. PRO SE PLEADINGS

As a preliminary matter, Defendants argue the Court should not construe Plaintiffs' TAC liberally because Mr. Hirsch is a disbarred former attorney. (Mot. 4–5.) Mr. Hirsch has not practiced law for more than twenty-four years, and Plaintiffs have proceeded pro se throughout this litigation. (Hirsch Decl. ¶ 1.) The relevant inquiry is Plaintiffs' current pro se status, and as such, the Court construes Plaintiffs' TAC liberally, as the Supreme Court directs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'").[5]

## B. CLAIMS ARISING UNDER FEDERAL LAW

Defendants move to dismiss Plaintiffs' first three claims, violation of (1) FHAA, (2) § 1983, and (3) CDPA, on the grounds that Plaintiffs fail to state a claim. Plaintiffs' first two claims are Plaintiffs' only claims arising under federal law. However, the reasonable accommodation provision of the CDPA is substantially similar to that of the FHAA and is analyzed in the same way. *See Sabi v. Sterling*, 183 Cal. App. 4th 916, 943 (2010) ("[California Civil Code section 54.1(b)(3)(B)] is largely identical to [the] one found in [42 U.S.C. § 3604]."). Accordingly, the Court

---

[5] The Court notes, however, that Plaintiffs' procedural conduct borders on abusing the Court's leniency. The Court granted Plaintiffs thirty days to amend their SAC, yet Plaintiffs filed their TAC after thirty-two. The Court granted the parties' stipulation to allow Plaintiffs additional time to oppose Defendants' Motion, yet Plaintiffs filed their Opposition days beyond their own requested deadline. Further, Mr. Hirsch filed a seventeen-page declaration expounding on his legal arguments, effectively circumventing the Court's page limit for opposition papers. Despite this, the Court considers the opposition and declaration on the merits and in full, to the extent permissible on a 12(b)(1) or 12(b)(6) motion. As the late filing and additional pages prejudiced Defendants' opportunity to fully respond, the Court also considers the entirety of Defendants' Reply, despite exceeding the twelve-page limit, to mitigate the prejudice to Defendants.

analyzes Plaintiffs' FHAA and CDPA claims together before turning to Plaintiffs' § 1983 claim.

### 1. *Fair Housing Act and California Disabled Persons Act*

Defendants move to dismiss Plaintiffs' FHAA and CDPA claims on the grounds that Plaintiffs' only basis for discrimination came after Plaintiffs no longer had a legal right to use or enjoy the dwelling. (Mot. 5–7.)

The FHAA makes it unlawful to "discriminate in the sale or rental . . . [of] a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). It is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." *Id.* § 3604(f)(2). Discrimination may be shown through disparate treatment, disparate impact, or "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B); *see also* 24 C.F.R. § 100.204 (defining reasonable accommodations);[6] *Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997). "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997).

The Ninth Circuit has articulated that,

> To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the

---

[6] The CDPA similarly requires that "[a] person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." Cal. Civ. Code § 54.1(b)(3)(B).

dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.

*Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (citing 42 U.S.C. § 3604(f)(3)(B); *Cal. Mobile Home,* 107 F.3d at 1380). "To prove that an accommodation is necessary, plaintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity *to enjoy the housing of their choice.*" *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1155 (9th Cir. 2003) (emphasis added and internal quotation marks omitted); *see also S. Cal. Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1066 (C.D. Cal. 2005).

The FHAA's reasonable accommodation provision does not encompass Plaintiffs' request for additional time to move out *after their eviction*. To begin, the FHAA prohibits disability-related discrimination against actual or prospective buyers or renters and their associates. But Plaintiffs were not actual or prospective buyers or renters; they were *former* renters, subject to a state court eviction judgment. Further, Plaintiffs' request for an extension of time was not in pursuit of inhabiting the housing of their choice, but rather in vacating that housing. Moreover, the request came after they had been legally evicted and were no longer entitled to use of the dwelling. A discriminatory denial under the FHAA can occur at any time during the entire period *before* a tenant is actually evicted. *Cf. Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 713 (9th Cir. 2009) (recognizing FHA claims based on discrimination at the time of and after *acquisition* of the housing); *Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997) (relying on 42 U.S.C. § 3604(f)(1)(A) and focusing the inquiry on the timeframe before the plaintiff was actually evicted).

Plaintiffs were actually evicted on November 15, 2017. (TAC ¶ 40.) Five days later, on November 20, 2017, Mr. Hirsch requested an extension of time to remove Plaintiffs' possessions. (TAC ¶ 46.) Although individuals with disabilities are to be granted accommodations necessary to afford them equal opportunity to use and enjoy

a dwelling, no provision of the FHAA entitles an individual to use and enjoy a dwelling in which the individual has no potentially valid basis to live.[7]

Accordingly, even construing Plaintiffs' TAC liberally, Plaintiffs' FHAA and CDPA claims fail. As Plaintiffs can allege no facts consistent with the TAC that would remedy this deficiency and have previously amended three times, including with the benefit of Defendants' arguments for dismissal, the Court finds further amendment would be futile. Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' first and third claims **WITHOUT LEAVE TO AMEND**.

## 2. 42 U.S.C. § 1983

Plaintiffs allege that Defendants violated their rights under 42 U.S.C. § 1983 by filing an unlawful detainer action against them and by refusing to reasonably accommodate Mr. Hirsch's disability with additional time to remove Plaintiffs' possessions from the apartment following the eviction. (TAC ¶¶ 49, 59–64.)

To state a claim under § 1983, Plaintiffs must show that Defendants acted under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "Action taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983). Conversely, "[p]rivate misuse of a state statute does not describe conduct that can be attributed to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941–42 (1982); *see also Howerton*, 708 F.2d at 384 ("[A] private repossession pursuant to a state statutory provision is not state action."). Courts must examine the totality of circumstances surrounding a private eviction to determine whether the defendants acted under color of state law. *Howerton*, 708 F.2d at 384.

---

[7] Plaintiffs argue for the first time in their Opposition that Defendants' "discrimination against [P]laintiff[s] is evidenced by the widely disparate treatment [to which they were] subject." (Opp'n 9.) However, Plaintiffs' TAC contains no disparate treatment allegations. (*See generally* TAC.) Regardless, Plaintiffs cannot state a prima facie case for disparate treatment for the same reasons as discussed above: they were not entitled to use of the dwelling after eviction. *See Gamble*, 104 F.3d at 305 (applying *McDonnell Douglas* burden-shifting analysis to FHA disparate treatment claims, requiring a plaintiff to first plead a prima facie case).

Here, Plaintiffs allege no facts suggesting significant state involvement in the filing of the unlawful detainer action, eviction, or management of the removal of Plaintiffs' possessions from the apartment. The mere filing of the unlawful detainer action, alone, cannot be attributed to the state. *See Lugar*, 457 U.S. at 941. Plaintiffs do not allege that Defendants participated in joint action with state actors to effectuate the eviction, and they name no state officials or agents as defendants in their TAC. As part of their breach of contract claims, Plaintiffs allege that they were evicted from their apartment by the Sheriff of Ventura County, (TAC ¶ 103), but this single, conclusory allegation does not rise to the level of "significant state involvement." *See Howerton*, 708 F.2d at 384 ("A single request for the police to perform their peace-keeping functions may not be sufficient to make a landlord a 'joint actor' with the state for section 1983 purposes.").

Further, Plaintiffs do not allege any state involvement in Defendants' refusal to give Plaintiffs more time to remove their possessions before Defendants put them in storage. Plaintiffs allege that only Defendants and their agents and employees were present on November 20, 2017, and that only Defendants refused Mr. Hirsch's request. (*See* TAC ¶¶ 44–49, 59–64.) That a state statute authorizes Defendants to store Plaintiffs' possessions after eviction does not make Defendants' decision to do so state action. *See Flagg Bros.*, 436 U.S. at 165–66; *see also Melara v. Kennedy*, 541 F.2d 802, 808 (9th Cir. 1976) (holding that action taken pursuant to a non-mandatory statutory scheme is not state action).

In short, Plaintiffs do not allege state action. Accordingly, even construing Plaintiffs' TAC liberally, it fails to state a claim under § 1983. As noted, Plaintiffs have amended their complaint three times, including with the benefit of Defendants' arguments for dismissal. Plaintiffs can allege no set of facts consistent with the TAC that would remedy the deficiency in their § 1983 claim. As such, further amendment would be futile. Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' second claim **WITHOUT LEAVE TO AMEND**.

## C. DIVERSITY JURISDICTION

Defendants move to dismiss Plaintiffs' TAC on the grounds that Plaintiffs fail to sufficiently allege diversity jurisdiction. The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). For diversity purposes, an individual is a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "[A] limited liability company is a citizen of every state of which its owners/members are citizens." *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

The Court previously dismissed Plaintiffs' SAC for lack of subject matter jurisdiction and provided guidance to Plaintiffs on the requirements for pleading diversity jurisdiction. (Order Dismissing SAC 4–5.) Despite the Court's previous guidance, Plaintiffs again fail to allege any Defendant's citizenship or domicile. Plaintiffs allege that they are domiciled in Phoenix, Arizona, so they recognize the distinction between domicile and residence. (TAC ¶¶ 4–5.) But Plaintiffs again merely allege that Hargett Defendants are residents of California. (TAC ¶¶ 7–9.) Even were the Court to construe Plaintiffs' allegations of residence as citizenship or domicile, Plaintiffs also again fail to sufficiently allege the citizenship of Defendant 678 Kirk. As in Plaintiffs' SAC, and despite the Court's directive to allege the identity and citizenship of Defendant 678 Kirk's owners or members, Plaintiffs allege only that 678 Kirk is organized under the laws of California with its principal place of

business in California, and that Ms. Davis-Kimball was its former owner. (TAC ¶ 10.)

What is more, Defendants move to dismiss Plaintiffs' state law claims (counts three through seven) on the grounds that Plaintiffs fail to sufficiently allege diversity. (Mot. 10–11.) Plaintiffs do not oppose Defendants' Motion on this issue. (*See generally* Opp'n; Reply 10, ECF No. 48.) Accordingly, the Court accepts Plaintiffs' failure to oppose as waiver or abandonment of diversity jurisdiction. *See Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018) (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)) ("Failure to oppose constitutes a waiver or abandonment of the issue.").

As Plaintiffs again fail to sufficiently plead complete diversity, and do not oppose Defendants' Motion on the issue, the Court must conclude that it lacks diversity jurisdiction.

### D. SUPPLEMENTAL JURISDICTION

When a federal court has dismissed all claims over which it has original jurisdiction, it may, at its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (citing *San Pedro Hotel Co., Inc. v.*

*City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998)) (holding that a district court is not required to provide an explanation when declining jurisdiction under § 1367(c)).

As discussed above, the Court dismisses Plaintiffs' federal claims. Further, Plaintiffs fail to adequately plead and abandon their claims of diversity jurisdiction. Thus, the Court has dismissed all claims over which it has original jurisdiction. As such, the Court declines to exercise supplemental jurisdiction over the remaining claims and **DISMISSES, WITHOUT PREJUDICE**, Plaintiffs' fifth, sixth, and seventh claims for breach of fiduciary trust and trust fraud, breach of contract, and elder abuse, respectively.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion **With Prejudice** as to Plaintiffs' first, second, third, and fourth claims, and **GRANTS** Defendants' Motion **Without Prejudice** as to Plaintiffs fifth, sixth, and seventh claims. (ECF No. 36.) The Court will issue Judgment.

**IT IS SO ORDERED.**

June 26, 2019

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**